IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE BORGES and | § | |
| AAL ORGANIC MATTERS, LLC, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:19-cv-00984 |
| | § | |
| WELLS FARGO BANK, N.A., and | § | |
| SAM BHATTACHARYA, | § | |
| *Defendants.* | § | |

## DEFENDANTS' ORIGINAL ANSWER

Defendants Wells Fargo Bank, N.A. ("Wells Fargo"), and Sam Bhattacharya ("Mr. Bhattacharya") (collectively "Defendants") file this Original Answer subject to their Motion to Dismiss, ECF No. 3.

### I.   ORIGINAL ANSWER[1]

#### I. Discovery Control Plan

1.1   Paragraph 1.1 does not contain any allegations of fact for Defendants to admit or deny. Defendants admit that discovery should be governed by the Federal Rules of Civil Procedure and any scheduling order(s) entered by this Court.

#### II. Parties and Service

2.1   Upon information and belief, Defendants admit the allegations in paragraph 2.1.

2.2   Upon information and belief, Defendants admit the allegations in paragraph 2.2.

2.3   Defendants admit that Wells Fargo is citizen of the State of South Dakota and no other state, that this Court has jurisdiction over this action under 28 U.S.C. § 1332(a), and that Wells Fargo may be served through its undersigned counsel of record. Otherwise, deny.

---

[1] Defendants' Original Answer mirrors the headings and numbering system of the Complaint.

1

2.4     Defendants admit that Mr. Bhattacharya has been improperly joined to this lawsuit and, as such, his citizenship is immaterial. Defendants further admit that Mr. Bhattacharya may be served through his undersigned counsel of record. Otherwise, deny.

### III.  Jurisdiction and Venue

3.1     The allegations in paragraph 3.1 are legal arguments and/or conclusions to which no responsive pleading is required. Defendants admit that this Court can properly exercise diversity jurisdiction.

3.2     The allegations in paragraph 3.2 are legal arguments and/or conclusions to which no responsive pleading is required. Defendants admit that the United States District Court for the Northern District of Texas, Fort Worth Division, is the proper venue for this lawsuit.

3.3     Paragraph 3.3 does not contain any allegations of fact for Defendants to admit or deny. To the extent a response is required, deny. Defendants deny that Plaintiffs are entitled to the relief requested.

### IV.  Factual Background

4.1     Defendants admit that Plaintiff AAL Organic Matters, LLC, is a limited liability company formed under the laws of Texas. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in paragraph 4.1. Therefore, Defendants deny the remaining allegations in paragraph 4.1.

4.2     Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 4.2. Therefore, deny.

4.3     Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 4.3. Therefore, deny.

4.4     Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations in paragraph 4.4. Therefore, deny.

4.5     Defendants admit that Mr. Borges has been a customer of Wells Fargo in both a personal and business capacity. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations that all of Mr. Borges' loans were taken out with Wells Fargo. Therefore, deny. Defendants deny the remaining allegations in paragraph 4.5.

4.6     Defendants admit that Mr. Borges inquired about obtaining a loan for the purchase of a property in the Chicago area. Otherwise, deny.

4.7     Defendants admit only that Wells Fargo employees visited the property in question in 2017. Defendants deny that any Wells Fargo employees represented that a loan related to the property would be approved. Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining allegations in paragraph 4.7. Therefore, Defendants deny the remaining allegations in paragraph 4.7.

4.8     Defendants admit that Wells Fargo employees, including Mr. Bhattacharya, visited the property in question in or around February 2017. Defendants lack knowledge or sufficient information to form a belief about the truth of the allegation that Mr. Borges forewent opportunities to obtain a loan from other banks. Therefore, Defendants deny this allegation. Defendants also deny the remaining allegations in paragraph 4.8.

4.9     Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations regarding Mr. Borges' state of mind. Therefore, Defendants deny this allegation. Defendants also deny the remaining allegations in paragraph 4.9.

4.10    Defendants deny that their actions "backed [Plaintiffs] into a corner." Defendants lack knowledge or sufficient information to form a belief about the truth of the remaining

allegations in paragraph 4.10. Therefore, Defendants deny the remaining allegations in paragraph 4.10.

4.11   Defendants deny the allegations in paragraph 4.11. As to the allegations that "it was too late for Mr. Borges to obtain the loan through another bank," Defendants lack knowledge or sufficient information to form a belief about the truth of those allegations. Therefore, Defendants deny those allegations on that basis.

4.12   Defendants deny the allegations in paragraph 4.12.

4.13   Defendants lack knowledge or sufficient information to form a belief about the truth of the allegations regarding Mr. Borges' use of his personal assets. Therefore, deny. Defendants also deny the remaining allegations in paragraph 4.13. Defendants deny that their actions caused Plaintiffs any damages.

4.14   The allegations in paragraph 4.14 are legal arguments and/or conclusions to which no responsive pleading is required. To the extent a response is required, deny. Defendants deny that their actions caused Plaintiffs any injuries or damages.

4.15   Upon information and belief, Defendants admit that Plaintiffs have retained the law firm Hill Gilstrap, P.C. Otherwise, deny.

## V. Causes of Action

5.1   Paragraph 5.1 does not contain any allegations of fact for Defendants to admit or deny. To the extent a response is required, deny.

5.2   The allegations in paragraph 5.2 are legal arguments and/or legal conclusions to which no responsive pleading is required. To the extent a response is required, deny. Defendants deny that they made any misrepresentations to Plaintiffs.

5.3    The allegations in paragraph 5.3 are legal arguments and/or legal conclusions to which no responsive pleading is required.  To the extent a response is required, deny.  Defendants deny that they made any misrepresentations to Plaintiffs.

5.4    The allegations in paragraph 5.4 are legal arguments and/or legal conclusions to which no responsive pleading is required.  To the extent a response is required, deny.  Defendants deny that they made any misrepresentations to Plaintiffs.

## VI.  Damages and Remedies

6.1    The allegations in paragraph 6.1 are legal arguments and/or legal conclusions to which no responsive pleading is required.  To the extent a response is required, deny.  Defendants deny that Plaintiffs are entitled to any damages.

6.2    The allegations in paragraph 6.2 are legal arguments and/or legal conclusions to which no responsive pleading is required.  To the extent a response is required, deny.  Defendants deny that Plaintiffs are entitled to any damages.

6.3    The allegations in paragraph 6.3 are legal arguments and/or legal conclusions to which no responsive pleading is required.  To the extent a response is required, deny.  Defendants deny that Plaintiffs are entitled to any damages.

6.4    The allegations in paragraph 6.4 are legal arguments and/or legal conclusions to which no responsive pleading is required.  To the extent a response is required, deny.  Defendants deny that Plaintiffs are entitled to attorney's fees or costs.

6.5    The allegations in paragraph 6.5 are legal arguments and/or legal conclusions to which no responsive pleading is required.  To the extent a response is required, deny.  Defendants deny that Plaintiffs are entitled to any interest.

## VII.  Conditions Precedent

7.1 The allegations in paragraph 7.1 are legal arguments and/or legal conclusions to which no responsive pleading is required.  To the extent a response is required, deny.

## VIII.  Demand for Jury Trial

8.1 Paragraph 8.1 does not contain any allegations of fact for Defendants to admit or deny.  To the extent a response is required, deny.

## Prayer for Relief

Defendants deny that Plaintiffs are entitled to the relief requested or any other relief.

## II. AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiffs fail to state a claim upon which relief can be granted.

2. Plaintiffs' claims are barred in whole or in part because Plaintiffs have failed to allege and prove all conditions precedent to recovery.

3. Plaintiffs' claims are barred in whole or in part by statutes of limitation and/or repose.

4. Plaintiffs' claims are barred in whole or in part by lack of justifiable reliance.

5. Plaintiffs' claims are barred in whole or in part by the proportionate responsibility provisions of Chapter 33 of the Texas Civil Practice and Remedies Code and applicable Texas law.

6. Plaintiffs' claims are barred in whole or in part by their failure to mitigate their damages, if any.

7. Plaintiffs' claims are barred in whole or in part by waiver, release, and/or ratification.

8. Plaintiffs' claims are barred in whole or in part by the doctrine of setoff, offset, and/or recoupment.

9. Plaintiffs' claims are barred in whole or in part by the statute of frauds, parol evidence rule, merger, and/or economic loss doctrines.

10. Plaintiffs' claims are barred in whole or in part by the doctrine of unclean hands, laches, and/or estoppel (in all their forms).

11. Plaintiffs' claims are barred in whole or in part based on a lack of standing.

12. Any injury Plaintiffs suffered was a result of their own conduct. Defendants deny Plaintiffs have suffered any injury.

13. Plaintiffs' claims for attorney's fees are barred in whole or in part by failure to present claims and/or the excessive demand doctrine.

14. Defendants deny liability for punitive or exemplary damages. Further, any claim for punitive or exemplary damages is subject to the limitations and constraints of Due Process found in the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 19, of the Texas Constitution.

### III.   CONCLUSION

Defendants request that the Court grant their Motion to Dismiss, enter judgment that Plaintiffs take nothing by their suit, dismiss this action, and award Defendants their attorney's fees and costs. Defendants further request all relief, general and special, to which they are entitled.

81713667v.2 0567447/01399

Respectfully submitted,

LOCKE LORD LLP

By: _/s/ David L. Foster_

**B. David L. Foster**
Texas Bar No. 24031555
**Joel Thomason**
Texas Bar No. 24086612
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
jthomason@lockelord.com

**Robert T. Mowrey**
Texas Bar No. 14607500
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (Facsimile)
rmowrey@lockelord.com

**ATTORNEYS FOR DEFENDANTS**

Respectfully submitted,

LOCKE LORD LLP

By: _/s/ David L. Foster_

**B. David L. Foster**
Texas Bar No. 24031555
**Joel Thomason**
Texas Bar No. 24086612
600 Congress Ave., Suite 2200
Austin, Texas 78701
(512) 305-4700
(512) 305-4800 (Facsimile)
dfoster@lockelord.com
jthomason@lockelord.com

**Robert T. Mowrey**
Texas Bar No. 14607500
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000
(214) 740-8800 (Facsimile)
rmowrey@lockelord.com

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was served as indicated on this 27th day of November, 2019, to the following:

**VIA ECF**
Frank Hill
Hunter Cox
Hill Gilstrap, P.C.
1400 W. Abram Street
Arlington, Texas 76013
(817) 261-2222
(817) 861-4685 (Facsimile)
fhill@hillgilstrap.com
hcox@hillgilstrap.com
*Attorneys for Plaintiffs*

                                                                             Joel Thomason